IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00983-BNB

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR AASEN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 29 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Wellman E. Gibson is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that Defendants have violated his rights under the United States Constitution. He seeks injunctive relief. The Court must construe the Complaint liberally because Mr. Gibson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Gibson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Complaint will be dismissed pursuant to § 1915(e)(2)(B)(i) as legally frivolous.

Mr. Gibson complains that Defendants, in violation of the Americans with Disabilities Act, have failed to accommodate his disabilities, which include the loss of dexterity in his hands. In particular, Mr. Gibson claims that he has been refused access to the "Books on Tape" program. Mr. Gibson has raised the same claim in this Court in *Montez v. Owens,* No. 92-cv-00870-EWN-OES, an action commenced pursuant to the Americans With Disabilities Act, 42 U.S.C. 12101, and the Rehabilitation Act, 29 U.S.C. § 794. Mr. Gibson's request for continued use of the "Books on Tape" program because of his alleged limited dexterity was denied in *Montez*. *See Montez* at Doc. No. 3512.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir.

1972). The Court has examined its records and is satisfied that Claims One and Two are repetitive of the claims he asserts in Case No. 92-cv-00870-EWN-OES. Therefore, Claims One and Two will be dismissed as legally frivolous.

As for Mr. Wellman's claim that he is not able to practice his religion due to his dexterity problem, the claim is belied by the determination in **Montez** that a surveillance video of Mr. Gibson shows that he is able to grasp a handrail when he climbs the stairs. Any denial of religious book tapes based on a claim of medical disability is foreclosed by the finding in **Montez** and is legally frivolous. Accordingly, it is

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

DATED at Denver, Colorado, this 28 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00983-BNB

Wellman E. Gibson
Prisoner No. 74384
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/29/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk