IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Again, [sic] Motion to Preclude Judge Weinshienk** [Docket No. 50; Filed November 23, 2009] ("Motion No. 50"); Plaintiff's **Motion Requesting Leave to Proceed for Costs** [Docket No. 51; Filed November 23, 2009] ("Motion No. 51"); Plaintiff's **Motion Requesting Leave to Ammend [sic] Complaint** [Docket No. 57; Filed November 30, 2009] ("Motion No. 57"); Plaintiff's **Motion Requesting Court Order Instructing DOC to Provide Me with Legal Copies** [Docket No. 58; Filed November 30, 2009] ("Motion No. 58"); and Plaintiff's **Request to Stop Retaliatory Move** [Docket No. 60; Filed November 30, 2009].

IT IS HEREBY **ORDERED** that Motion No. 50 is **DENIED as moot**.  The Plaintiff complains that Judge Weinshienk is assigned to his case and that she "seems to be doing something concerning the costs in my Appeal."  As explained in a previous Order of the

Court [Docket No. 48], this case is now assigned to U.S. District Court Chief Judge Wiley Y. Daniel and U.S. Magistrate Judge Kristen L. Mix. The Plaintiff was granted permission to proceed in this matter *in forma pauperis*; however, as the previous order explained, the Plaintiff must comply with the Court's Order of May 12, 2009 [Docket No. 6]. As explained in that Order, the Plaintiff is obligated to pay the $350 filing fee by making monthly payments to the Court of twenty-percent of the preceding month's income or by showing cause why he has no assets and no means by which to make the monthly payment. *See* 28 U.S.C. § 1915(b).

IT IS **FURTHER ORDERED** that Motion No. 51 is **GRANTED in part**. The Clerk is directed to send the Plaintiff a copy of the document filed at Docket No. 41 and labeled "Mandate of USCA." The Plaintiff's Motion is extremely unclear. The title of the motion concerns costs, and in the Motion, the Plaintiff references "rule 39, Costs" of the Federal Rules of Appellate Procedure. However, nothing in the motion concerns costs. Rather, the Plaintiff is concerned that he "never received a copy of the Mandate." He states that he was "just notified by the Clerk that it had been filed." Docket No. 41 is the letter from the Clerk of the U.S. Court of Appeals informing the Court that the mandate issued in this case. In other words, as of the date of that letter, the Court of Appeals' decision became final and this Court was directed to take further action. There is no other physical "copy of the Mandate." The Plaintiff was copied on this letter and presumably received it but may be confused as to what constitutes a "mandate." The Plaintiff also references Fed. R. Civ. P. 26(b) "for extending time to file" and complains of limited access to the prison law library. It is not clear what deadline the Plaintiff seeks to extend, and the request is denied.

IT IS **FURTHER ORDERED** that Motion No. 57 is **DENIED**. The Plaintiff requests

permission to amend his complaint but provides no specific information regarding the amendments to the Complaint that he would like to make.  The Plaintiff must inform the Court of the grounds for and substance of a request in order for the Court to rule on a motion.  See Fed. R. Civ. P. 7(b).  The Plaintiff also asks the Court to "grant all [the] motions that were denied by Judge Weinsheink [sic]."  This request is denied.  The Plaintiff's case was reinstated in this Court.  If the Plaintiff wishes to renew a previously filed request that remains relevant to the instant action, he may do so.  The Plaintiff also states, "Again I am denied all copies, so if this needs to go to the AG the Court will have to send it."  The Plaintiff is reminded that he is required to serve on the Defendants all papers filed with the Court.  See Fed. R. Civ. P. 5.  His *in forma pauperis* status does not excuse him from this requirement.

IT IS **FURTHER ORDERED** that Motion No. 58 is **DENIED**.  The Plaintiff states that he "has been denied access to obtain legal copies which in effect has denied him access to the Court."  He requests an order instructing the DOC to allow him "legal copies."  The nature of the Plaintiff's problem is not clear.  He is not entitled to free unlimited access to a copy machine.  See Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980).  Furthermore, it is well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  See, e.g., Meachum v. Fano, 427 U.S. 215 (1976).  Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.  It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'"

*Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted).  The Plaintiff does have a right to access to the courts, *see Bounds v. Smith*, 430 U.S. 817 (1977), but his six-line motion makes no showing that his access has been denied.

IT IS **FURTHER ORDERED** that Motion No. 60 is **HELD IN ABEYANCE** pending further briefing.  The Motion is not entirely clear.  The Plaintiff alleges that in the past, the Colorado Department of Corrections ("DOC") has moved him to a different correctional facility in response to his filing grievances concerning his disability and lack of access to books on tape, the subjects of this lawsuit.  The Plaintiff requests that the Court order the DOC not to move him until "this issue concerning disability is compleatly [sic] resolved."  It is not clear from the Plaintiff's motion whether he is aware of plans to move him or whether he is anticipating problems.  As of December 1, 2009, all of the Defendants except Cathie Holst have waived service of process and counsel has entered an appearance on their behalf. The Defendants that have been served are directed to file a response to Motion No. 60 on or before December 29, 2009.


Dated:  December 3, 2009