IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-00983-WYD-KLM

WELLMAN E. GIBSON,

     Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Request for Appointment of Counsel** [Docket No. 65; Filed December 4, 2009] ("Motion No. 65") and Plaintiff's **Motion to Access Medical and AIC Files** [Docket No. 66; Filed December 4, 2009] ("Motion No. 65").

     IT IS HEREBY **ORDERED** that Motion No. 65 is **DENIED**.  The Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer

counsel.   However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel.  Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.   In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).   A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated an ability to frame facts and state claims for relief.  Plaintiff clearly has an adequate grasp of the facts and issues in this case.  As noted by the Court of Appeals in its Order re-instating this matter, Plaintiff was a plaintiff in a class action suit which addressed treatment of disabled inmates. *See Order and Judgment,* Docket No. 33.  While the interaction between the instant action and that prior suit makes Plaintiff's case slightly more complex than typical inmate litigation, the Court of Appeals has determined that the issues raised in the instant action are separate and for this reason re-

instated it. *Id.* Furthermore, Plaintiff's filings to date demonstrate his understanding of the prior case and the legal issues raised in this action, though varied, are not overly complex, novel, or difficult to state or analyze.

Plaintiff's lack of legal acumen and his indigence are normal, not special, circumstances in this type of case and do not inform the Court's determination of whether to seek volunteer counsel for Plaintiff.   Plaintiff also argues that he needs an attorney because of physical limitations that affect his ability to sit and read and type.   However, the quantity of filings made by Plaintiff belie his contention that he is unable to pursue his claims without assistance of counsel.   In an addendum to Motion No. 65 entitled *(Concerning Request for Appointment of Counsel)*, Plaintiff states that a doctor "wants to schedule Plaintiff for surgery on both arms and both hands" as well as possibly on his back. Plaintiff apparently is not actually scheduled for such surgery, nor has he provided the Court any documentation to substantiate his claim of the pendency of the procedure.

Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.   *See, e.g.*, *Mallard*, 490 U.S. at  301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).   Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training and financial status.   To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to

Fed. R. Civ. P. 41(a).   However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules.   *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).[1]

IT IS **FURTHER ORDERED** that Motion No. 66 is **DENIED without prejudice**. Plaintiff seeks access to his medical files held by the Colorado Department of Corrections. He requests an Order "giving him reasonable access" to the files by providing him with either a complete copy of the files or "access . . . through his case manager."  He claims he has only been permitted to see his medical files for forty-five minutes over the past month and that this amount of time is insufficient because of his "dexterity issues."  As the Court explained in its Order of December 3, 2009 [Docket No. 64], the Court will not interfere in prison management functions.  Motion No. 66 addresses a discovery issue, as presumably the records deal with Plaintiff's alleged disability that is at issue in this case. The discovery phase of this case has not yet begun – it will commence after the Court issues a scheduling order. The Court will issue a scheduling order after holding a scheduling conference in this case, which will be set after all Defendants have been served or waived service.  As a part of the discovery process, Plaintiff will have the opportunity to request copies of documents from the Defendants.

Dated at Denver, Colorado, this 11th day of December, 2009.

---

[1]The Plaintiff has provided letters showing that he has attempted to retain counsel in this matter.  *See* Docket No. 65.  While his efforts are commendable, that fact alone does not convince the Court that placement of Plaintiff's name on the list is warranted.

BY THE COURT:


 s/ Kristen L. Mix
 Kristen L. Mix
 United States Magistrate Judge