IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on Plaintiff's **Request to Stop Retaliatory Move** [Docket No. 60; Filed November 30, 2009] (the "Motion").  Defendants filed a response [Docket No. 74; Filed December 23, 2009] and Plaintiff replied [Docket No. 81; Filed January 11, 2010].  This matter is now ripe for resolution.  As set forth below, I respectfully **RECOMMEND** that the Motion [Docket No. 60] be **DENIED.**

In the Motion, Plaintiff requests that the Court order the Colorado Department of Corrections ("CDOC") not to move him until issues associated with his "books on tape" and disability are resolved.  *Motion* [#60] at 1.  The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, the Court

should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Plaintiff first complains that in the past, the CDOC has transferred him to a different prison facility in response to his filing grievances concerning his disability and lack of access to books on tape. Plaintiff also states that he anticipates that as a result of his filing the instant action, CDOC will move him again, and he requests that "the status quo be kept." *Reply* [#81] at 1. Defendants construe the Motion as making a request for a preliminary injunction, and the Court will do the same.

The Court concludes that a preliminary injunction is not warranted. A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). "To constitute irreparable harm, an injury must be certain, great, actual, 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or

substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm. He has not demonstrated that absent a court-ordered injunction, he will be subjected to a harm that is "great, actual" and more than "merely serious," as he makes only the vague assertion that the moves are "monetary retaliation" because when he moves, he loses (unspecified) property. *Motion* [#60] at 1.  Further, the only evidence Plaintiff offers to show that a future move is imminent are records that allegedly show that he was moved excessively in the past.  Conduct that has already occurred and is not ongoing cannot be remedied by the Court by the issuance of a preliminary injunction.  *See Schrier*, 427 F.3d at 1267 ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiff[] from irreparable injury that will surely result . . . ").  This evidence is insufficient to support a finding that injury is imminent.  *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir. 2005) (quoting *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)) ("Because plaintiffs seek declaratory and injunction relief only . . . it is insufficient for them to demonstrate only a past injury." ).[1]

Additionally, the Court considers well-established law that prison management

---

[1] To the extent Plaintiff seeks to bring additional claims against unnamed employees who allegedly have moved him in retaliation for his filing grievances, Plaintiff's *Motion* is not the proper mechanism for adding claims against new parties.  Plaintiff's Complaint [Docket No. 3] states claims against Defendants brought pursuant to the Americans with Disabilities Act ("ADA") and the First Amendment.  If he wishes to bring additional retaliation claims, he may either seek to add claims to his Complaint or file a new law suit. The Court here expresses no opinion on the merits of the claims or whether they would be appropriate to add to the instant action. *See* Fed.R.Civ.P. 18, 20.

3

functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir.1977) (citation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts.... [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir.1994) (citations omitted).

    IT IS **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 21, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix