IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

   Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

   Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion Requesting Stay of All Court Procedings [sic]** [Docket No. 105; Filed April 20, 2010] ("Motion No. 105") and Plaintiff's **Motion Requesting Intervention by the Court Because of Retaliation** [Docket No. 106; Filed April 20, 2010] ("Motion No. 106"). For the reasons set forth below, Motion No. 105 is **DENIED** and Motion No. 106 is **DENIED**.

**I.    Motion No. 105**

In Motion No. 105, Plaintiff requests a stay of proceedings "untill [sic] additional Defendants can be added, and also figure out what to file on parties that can be shown to have commited [sic] perjury." *Motion* [#105] at 2. Plaintiff explains that he has reviewed discovery that he has received in this matter, and from this review he believes that he has claims against additional defendants and that he has proof that "Defendants have

commited [sic] perjury and lied to the Court." *Motion* [#105] at 2.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). However, a stay may be appropriate in certain circumstances. The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.*

The Court concludes that a stay of proceedings is entirely inappropriate here. Plaintiff's request for a stay is not based on grounds typically warranting the imposition of a stay. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue); *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (7th Cir. 1994) (federal court must stay proceedings once it determines that dispute falls within scope of valid arbitration agreement). Although Plaintiff has determined that a stay is in his best interest, the Court sees no reason why a stay of proceedings would benefit Plaintiff. If he wishes to file a motion to amend his Complaint to add Defendants or additional claims against present Defendants, he may do so. Nothing about the present status of the case precludes him from filing such a motion, and staying the proceedings would not further Plaintiff's interests. Presently pending before the Court is Defendants' Motion to Dismiss [Docket No. 85], which has been fully briefed. The

Discovery Deadline in this matter is January 15, 2011, and the dispositive motions deadline is February 15, 2011.  *See* Docket No. 96.  With the present deadlines, Plaintiff has ample opportunity to add claims and seek additional discovery as to them.  Defendants have not responded to Plaintiff's Motion, and the Court does not take their interests into account in resolving it.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  The Court identifies no particular interest of persons not parties in the litigation, but the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of the case is not warranted.

**II.     Motion No. 106**

In Motion No. 106, Plaintiff requests that the Court "intervene, as this facility has started blatant retaliation against Plaintiff."  Specifically, Plaintiff states that "Tefillin" a "mandated prayer item" with a value of $350 "were confiscated."

Plaintiff does not make any specific request for relief.  *See* Fed. R. Civ. P. 7(b)(1) (requiring a motion to "state the relief sought").  Furthermore, the Court notes that no claim related to retaliation or Plaintiff's practice of his religion is before the Court in this matter.  *See* Amended Complaint, Docket No. 37.  Because Motion No. 106 does not relate or refer to any properly pled claim in this action, it is beyond the scope of relief which the Court may afford. *See, e.g.*, *Devose v. Herrington*, 42 F.3d 470, 471 (1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)) (affirming district court's

3

denial of plaintiff's motion for preliminary injunction where motion sought injunction related to alleged retaliatory actions and underlying case brought only Eighth Amendment claim for inadequate medical treatment).

### III.     Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Motion No. 105 is **DENIED**.

IT IS FURTHER **ORDERED** that Motion No. 106 is **DENIED**.

Dated:  April 21, 2010

BY THE COURT:  
 s/ Kristen L. Mix  
U.S. Magistrate Judge  
Kristen L. Mix