IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Motion to Dismiss Complaint filed January 29, 2010. This matter was referred to Magistrate Judge Mix for a recommendation by Order of Reference dated November 25, 2009 and Memorandum dated January 29, 2010. A Recommendation of United States Magistrate Judge [hereinafter "Recommendation"] was issued on July 13, 2010, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

By way of background, Plaintiff is a pro se prisoner asserting three claims for relief relating to Defendants' alleged denial of Plaintiff's access to the prison's books on tape program. Plaintiff's claims are asserted pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ["ADA"]. The fist two claims are asserted under the ADA and the third claim asserts a First Amendment freedom of speech claim. As noted in

the Recommendation, Plaintiff contends that he suffers from a dexterity disability which prevents him from reading books with pages, and that the deprivation of his books on tape violates both statutory and constitutional law. (*See* Recommendation at 2.)

Plaintiff's claims were initially dismissed as legally frivolous given the similarity to his claims in *Montez v. Owens*, No. 92-cv-00870-JLK-OES, in which the Special Master ultimately concluded that Plaintiff failed to meet the requirements to be mobility disabled. (*Id.* at 2.) The Tenth Circuit reversed the dismissal of this case in *Gibson v. Campbell*, 347 Fed. Appx. 409, 412 (10th Cir. Oct. 5, 2009) (unpublished decision). It found that Plaintiff's hand limitations were not necessary to the decision in *Montez* and that res judicata should not bar Plaintiff's current suit, although it noted that further argument was not precluded on the issue of res judicata or issue preclusion. *Id.*

Defendants' Motion to Dismiss argues that Plaintiff fails to allege that Defendants Holst, Shirley Steinbeck and Griffith personally participated in the violations. It also asserts that Plaintiff's claims are barred by collateral estoppel and that, in the alternative, Claims One and Two fail to state a claim for relief under the ADA. Magistrate Judge Mix recommends that the motion to dismiss be denied in its entirety.

Specifically, she first finds that the allegations in Plaintiff's Complaint sufficiently implicate all Defendants for purposes of pursuing a § 1983 claim and that the argument of lack of personal participation by Holst, Shirley Steinbeck and Griffith should be denied. (Recommendation at 9-10.) Second, Magistrate Judge Mix finds on the collateral estoppel issue as to the two ADA claims that Defendants failed to meet their burden of proving the four required elements. (*Id.*) She stated on that issue that "the first element of collateral estoppel is not met because the issue currently alleged is not

identical to the issue previously litigated in *Montez II*", "Plaintiff's current hand disability was only addressed tangentially in determining whether Plaintiff was mobility disabled" and was never adjudicated on the merits, and that "Plaintiff did not have a full and fair opportunity to litigate the dexterity problem in his hands pursuant to the broad protections of the ADA." (*Id.*)[1]  Finally, on the ADA claims, she found that "[w]hile Plaintiff ultimately may not be able to prove that he is disabled, he has alleged more than conclusory statements in support of his ADA claims" and that his allegations were sufficient to satisfy the elements of an ADA claim. (*Id.* at 18.)

Magistrate Judge Mix advised the parties that specific written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 19.) Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

---

[1] Magistrate Judge Mix did not consider the collateral estoppel argument as to the First Amendment claim since she found that *Montez I* and *Montez II* did not involve such a claim and the Special Master did not consider that issue. (*Id.* at 10 n. 1.)

[2] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Mix that Defendants' motion to dismiss should be denied. I find the Recommendation to be thorough and well reasoned and therefore affirm and adopt it in its entirety. It is therefore

ORDERED that the Recommendation of United States Magistrate Judge filed July 13, 2010 (ECF No. 115) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss Complaint (ECF No. 85 filed January 29, 2010) is **DENIED**.

Dated: August 17, 2010

            BY THE COURT:

            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            Chief United States District Judge