IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

 Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

 Defendants.

---

# ORDER DENYING MOTION TO INTERVENE

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

 This matter is before the Court on Non-Party Douglas Burns' **Motion to Intervene** [Docket No. 136; Filed October 8, 2010] (the "Motion"). Mr. Burns, a prisoner proceeding *pro se*, seeks to intervene as a representative for *pro se* Plaintiff pursuant to Fed. R. Civ. P. 17(c). Rule 17(c)(1) states that a representative may "sue or defend on behalf of a minor or incompetent person." According to Mr. Burns, Plaintiff is "incapacitate" due to the pain in his hands such that Mr. Burns should be deemed "next of Friend" and be permitted to appear on Plaintiff's behalf. *Motion* [#136] at 1.

 IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Rule 17(c) is not applicable here, where Plaintiff is neither a minor nor legally incompetent (notwithstanding Mr. Burns' conclusory averments to the contrary). The history of this case shows that Plaintiff does

not lack the ability proceed on his own. Indeed, Plaintiff successfully defended a motion to dismiss while proceeding *pro se.* Furthermore, "[p]rison inmates do not possess the right to a particular prisoner's help in preparing their legal materials . . . ." *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). Even were the Court to find that Rule 17(c) applied here, Mr. Burns would not be permitted to represent Plaintiff's interest without securing his own counsel. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that *pro se* prisoner may not represent the interests of other prisoners). Nor would Mr. Burns' status as a fellow inmate to Plaintiff be enough establish the "significant relationship" which an individual must possess to be appointed as a next friend. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Simply, under no scenario may Mr. Burns, a *pro se* prisoner, legally represent Plaintiff's interests in this case.

Dated: October 8, 2010

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix