IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-00983-WYD-KLM

WELLMAN E. GIBSON,

     Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

     Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion in Support of Motion for an Order Compelling Discovery** and **Motion for an Order Compelling Discovery** [Docket Nos. 155 &156; Filed November 29, 2010] (the "Motion").  Plaintiff is a Colorado Department of Corrections ("CDOC") prisoner proceeding *pro se* and his case relates to whether he as been denied access to the CDOC's books on tape program in violation of the Americans with Disabilities Act ("ADA").

This is Plaintiff's fourth attempt to compel discovery in this case.  His earlier motions contained significant pleading deficiencies and were denied without prejudice.  In the present Motion, Plaintiff contends that (1) he sent discovery requests to Defendants to

obtain his AIC file and his working file;[1] (2) he received a redacted version of his AIC file and no version of his working file.  *Motion* [#156] at 1.  Plaintiff seeks an order compelling the complete production of both files and an order requiring Defendants to pay the cost of copying Plaintiff's AIC file.  *Id.*  Plaintiff contends that documents contained in his AIC file are relevant to his case and that certain "Medical papers" are missing from that file.  *Motion* [#155] at 2.  Plaintiff does not address the relevance of his working file.

Defendants filed a Response in opposition to the Motion on December 10, 2010 [Docket No. 158].  Defendants argue that the Motion should be denied because (1) Plaintiff has never submitted a formal document request for either file in the pending case; (2) Plaintiff has never submitted any document request for his working file and any request for its production without limitation would be unduly broad; (3) despite the fact that Plaintiff did not submit a formal document request for his AIC file, Defendants produced Plaintiff's AIC file with only four redactions because the documents are protected by attorney-client privilege, relate to confidential settlement discussions or are not relevant and unlikely to lead to discoverable information;[2] and (4) Plaintiff is not entitled to free photo copies.  *Response* [#158] at 2-5.  Having considered the parties' arguments,

---

[1] According to Defendants, AIC is short for "ADA Inmate Coordinator," and the file to which Plaintiff refers is a file created for inmates who request and/or receive a disability designation.  *See Response* [#158] at 2 n.1.  Defendants also inform the Court that an inmate's "working file" is the main file kept by the CDOC for a particular inmate and contains documents such as disciplinary reports, progress assessments and grievances.  *Id.* at 2 n.2.

[2] Defendants produced Plaintiff's AIC file on four CDs.  Because prisoners are not allowed to view CDs in their cells, the CDs were made available for viewing for a forty-five-day period in the prison law library [Docket No. 158-2].  *Response* [#158] at 3.   According to the prison's records, Plaintiff viewed these files for nearly twenty-three hours from April 8, 2010 to May 2, 2010 before the CDs were disposed of pursuant to prison policy [Docket No. 158-3].  *Response* [#158] at 3.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

First, I note that Plaintiff has never submitted a Rule 34 document request in this case which seeks the production of either file.  According to Defendants, Plaintiff's only formal request for his AIC file came by letter under the cover of Case No. 09-cv-02328 and did not also contain a request for his working file [Docket No. 158-1].  *Motion* [#158] at 2. Plaintiff's Motion is subject to denial on this basis alone.  Despite the fact that Plaintiff is proceeding *pro se*, he is required to comply with the rules of the Court, including the Federal Rules of Civil Procedure.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). His failure to submit a formal document request which complies with Rule 34 for either his AIC file or working file in this case precludes an order compelling Defendants to comply. *See generally* Fed. R. Civ. P. 37(a)(3)(B)(iv) (noting that relief is only available if party fails to respond to document requests propounded in compliance with Rule 34).

Second, to the extent that Plaintiff informally requested that Defendants provide his AIC file [Docket Nos. 156 at 2, 158-1, 158-4], I note that Defendants provided Plaintiff with four CDS which contained the entirety of his AIC file, with four exceptions.  Certain emails were excluded because they pertained to advice of counsel and confidential settlement negotiations. *See Austin v. City & County of Denver*, No. 05-cv-01313-PSF-CBS, 2006 WL 1409543, at *4-5 (D. Colo. May 19, 2006) (unpublished decision); *see also* Fed. R. Evid. 408 (noting that settlement negotiations are generally inadmissible at trial).  Other emails were excluded because they were not relevant or were unlikely to lead to admissible information.  Having reviewed Defendants' description of the materials withheld, I find that none are subject to disclosure.

Third, regardless of Plaintiff's *in forma pauperis* status, he is not entitled to cost-free

discovery in this action. *Windsor v. Martindale*, 175 F.R.D. 665, 670-72 (D. Colo. 1997); *see also Milligan v. Reed*, 2009 WL 1636957, at *1 (D. Colo. June 11, 2009) (unpublished decision) (noting that inmate had "no right to obtain documents through discovery free of charge . . . his status as an *in forma pauperis* litigant notwithstanding"). The *in forma pauperis* statute, 28 U.S.C. § 1915, does not require payment beyond the initial filing fee. *See Windsor*, 175 F.R.D. at 670. Nevertheless, Plaintiff should be permitted to access documents relevant to his claims throughout the duration of his case.

Despite the fact that Plaintiff has never propounded a document request in compliance with Rule 34 for his AIC file, pursuant to this Order, I also direct Defendants to make the AIC file available to Plaintiff for a second viewing (with the exception of the redactions referenced above). Upon viewing, Plaintiff may select the documents he would like to have copied and may, (1) if technology permits, have them copied by the prison at Plaintiff's cost or (2) inform Defendants of the documents he would like to have copied for which he will be billed an appropriate copying fee not to exceed $.25 per page.

As a voluntary litigant in a federal lawsuit, Plaintiff must conserve resources and make financial decisions which enable him to litigate his case after its filing. *See generally Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997). "By seeking government funding in this case, [the *pro se* inmate is] in effect asking for better treatment than [his] fellow citizens who have not been incarcerated but who have at least equal claims for damages." *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987). The Court is not inclined to exercise its discretion and direct Defendants to bear the cost of Plaintiff's discovery plan, particularly here where there is no indication that Plaintiff has made any effort to narrow the documents he requires to those which are relevant to his pending case.

Further, to the extent that Plaintiff seeks access to documents contained in his working file,

he must propound a document request in compliance with Rule 34 and limit his request to

only those documents which are relevant to his case.  Accordingly,

IT IS FURTHER **ORDERED** that Defendants shall produce to Plaintiff the four CDs

containing Plaintiff's AIC file on or before **December 23, 2010**.  Plaintiff's receipt and

retention of the CDs shall be in compliance with prison policy.  Any copying costs

associated with documents contained on the CDs shall be borne by Plaintiff.

Dated:  December 14, 2010

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix