IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

     Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

     Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Request for Court Intervention** [Docket No. 164; Filed January 5, 2011 ] (the "Motion").  As a preliminary matter, all pleadings seeking a ruling from the Court must be tilted as a motion.  Future pleadings which do not comply will either be ignored or summarily denied.  Pursuant to the Motion, Plaintiff requests that the Court address recent alleged due process violations and/or retaliation perpetrated by unnamed individuals and nonparties.

     IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  Plaintiff does not make any specific request for relief.  *See* Fed. R. Civ. P. 7(b)(1) (requiring a motion to "state the relief sought").  Furthermore, the Court notes that no claim related to due process violations or retaliation is before the Court in this matter, which primarily relates to whether Plaintiff has been denied access to the Colorado Department of Corrections' books on tape program in violation of the Americans with Disabilities Act.  Because the Motion does not relate to any properly pled claim in this action, it is beyond the scope of relief which the Court may afford.  *See, e.g.*, *Devose v. Herrington*, 42 F.3d 470, 471 (1994) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)) (affirming district court's denial of interim relief where plaintiff sought relief related to alleged retaliatory actions and underlying case brought only Eighth Amendment claim for inadequate medical treatment).  To the extent that Plaintiff has suffered alleged constitutional violations since the filing of his Complaint, he must exhaust his administrative remedies in relation to those alleged injuries and pursue such claims separately thereafter.

Dated:  January 6, 2011