IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion Requesting Court Order Instructing Staff at C.C.F. Unit G to Send Out Legal Mail** [Docket No. 182; Filed February 23, 2011] (the "Motion").  Although not entirely clear, Plaintiff appears to take issue with unidentified nonparty prison staff's handling of Plaintiff's legal mail.  Specifically, Plaintiff requests that the Court issue an order to staff "to not play games" with his legal mail.  *Motion* [#182] at 2.  Plaintiff does not mention any particular piece of legal mail that has been mishandled or delayed.  Indeed, a review of the docket in this case and Plaintiff's other case, 09-cv-02328-WYD-KLM, reveals that Plaintiff has filed at least six multi-page pleadings in the month of February.  In particular, this Motion was dated February 21, 2011 and was received by the Court on February 23, 2011.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  First, the Court cannot order nonparty, unidentified prison staff to take any action in this lawsuit.  Second, to the extent that the conduct at issue relates to that of a named party, Plaintiff has failed to substantiate his claim that any Defendant is interfering with his legal mail.  Although the Court is mindful of the difficulties faced by Plaintiff as a *pro se* prisoner litigant, Plaintiff must conduct his activities by the rules applicable to his facility.  Absent extraordinary circumstances, e.g., denial of access to the Court, which are clearly not present here, the Court does not interfere with a facility's day-to-day operations.  *See Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977).

Dated:  February 24, 2011