IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

 Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR AASEN,

 Defendants.
_____

**ORDER DENYING STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

  This matter is before the Court on Plaintiff's **Request for Stay of Proceedings** [Docket No. 228; Filed October 5, 2011] (the "Motion").  Pursuant to the Motion, Plaintiff contends that he needs a 90-day stay of his case, plus a 90-day extension of the deadline to file dispositive motions, due to surgery on his left arm that occurred on September 26, 2011 [Docket No. 228].  Due to the vague and conclusory nature of the information provided by Plaintiff, the Court directed Defendants to respond and specifically provide the Court with the following information:  (1) the date of Plaintiff's surgery; (2) the reason for Plaintiff's surgery and his projected recovery time; and (3) whether Defendants oppose the imposition of a stay [Docket No. 230].

  Defendants filed a Response to the Motion on October 6, 2011 [Docket No. 231]. Defendants included an Affidavit of Paula J. Frantz, M.D. and accompanying exhibits with

their Response [Docket No. 231-1].  Dr. Frantz is the Chief Medical Officer for the Colorado Department of Corrections.  *Aff.*, [#231-1] at 1.  She attests that Plaintiff "underwent right carpal tunnel release surgery on April 14, 2011 and left ulnar nerve transposition surgery on September 26, 2011."  *Id.*  She explains that Plaintiff's medical records "show that he is almost fully recovered from the transposition surgery," and he "was able to move all of his fingers without any problems and had normal muscle strength in both hands."  *Id.* at 2.  Notably, the September 26, 2011 surgery affected Plaintiff's left elbow, and according to Dr. Frantz, "Plaintiff is right-handed."  *Id.* at 1-2.  Dr. Frantz represents that "there is no indication from [Plaintiff's] medical records that he is currently unable to read or write."  *Id.* at 2.  Defendants therefore oppose Plaintiff's request for a stay.  [#231] at 2.

Plaintiff proceeds *pro se* in this matter, and as such, the Court is obligated to liberally construe his filings and treat his requests for relief with a certain level of flexibility.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be Plaintiff's advocate, nor should the Court "construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  Furthermore, as the Court has already informed Plaintiff, he must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see also Recommendation*, Docket No. 115 at 7.

Plaintiff initiated this lawsuit on April 21, 2009 [Docket No. 1].  After Plaintiff appealed an initial order of dismissal issued by the District Court, the case was remanded for further proceedings by the Tenth Circuit Court of Appeals on October 5, 2009 [Docket No. 33]. Plaintiff submitted an Amended Complaint, the governing pleading, on October 26, 2009

2

[Docket No. 37]. On November 20, 2009, the District Court reinstated the case and assigned it to Chief Judge Daniel and the undersigned [Docket No. 48]. Defendants filed a motion to dismiss on January 29, 2010 [Docket No. 85]. Plaintiff filed two requests for extensions of time to file a response to the motion to dismiss [Docket Nos. 87, 91]. During the pendency of the motion to dismiss, Plaintiff filed his first motion requesting a stay of all proceedings [Docket No. 105], which the Court denied on April 21, 2010 [Docket No. 108]. The motion to dismiss was denied on August 17, 2010 [Docket No. 116].

Plaintiff filed a second request for a stay of all proceedings on January 3, 2011 [Docket No. 161], which the Court denied on January 14, 2011 [Docket No. 168]. In his second request, Plaintiff stated he was "sedated for surgery." Defendants responded to this second request at the Court's instruction, and explained that at that time, Plaintiff was not scheduled to undergo surgery [Docket No. 167]. In the Order Denying Stay, the Court warned Plaintiff that the filing of any future pleadings which are false or misleading could result in sanctions, including the dismissal of his case. [#168] at 2-3.

Plaintiff filed a "Reply" to the Order Denying Stay, which the Court construed as a motion for reconsideration, on January 31, 2011 [Docket No. 172]. On March 30, 2011, the Court granted the motion for reconsideration and stayed the case until August 1, 2011 [Docket No. 195]. The stay was granted pursuant to Defendants' representation that Plaintiff was scheduled to have surgery within the coming weeks after the date of the Order (March 30, 2011), and that such surgery, on his dominant hand, could require up to twelve weeks of recovery time. In consideration of the expiration of the stay on August 1, 2011, the Court reset the deadline for filing any dispositive motion as October 1, 2011. [#195] at 2.

On July 28, 2011, Plaintiff filed a notice with the Court, in which he requested a "continuance of stay for 18 months . . . ." Docket No. 206 at 2. The Court denied this request without prejudice and directed both sides to show cause as to why the Court should not recommend that the case be administratively closed [Docket No. 208]. Plaintiff responded to the instruction to show cause on August 8, 2011, indicating that he wished to "withdraw his request for a stay till Feb. 2013" [sic] [Docket No. 210]. In accordance with Plaintiff's request, the Court discharged the obligation on August 9, 2011 [Docket No. 211]. In the Minute Order discharging the obligation to show cause, the Court reminded the parties that the deadline for filing dispositive motions remained set as October 1, 2011 [#211]. The Court issued an additional reminder regarding this deadline on August 30, 2011 [Docket No. 222].

Plaintiff filed a fourth request (including the request for an extension, but not including the motion for reconsideration) for a stay of all proceedings on September 20, 2011 [Docket No. 224]. On September 27, 2011, the Court denied this request for a stay on the basis that Plaintiff failed to articulate good cause for the imposition of a stay [Docket No. 227]. However, the Court *sua sponte* extended the deadline for the filing any dispositive motion up to and including November 1, 2011. One week later, Plaintiff filed the Motion at issue, which is his fifth request for a stay of all proceedings in this case.

Although Dr. Frantz, through her Affidavit, corroborates Plaintiff's story that he recently underwent surgery, Plaintiff's representations of the alleged resulting hardship are inaccurate, given the information contained in his medical record and his repeated filing of motions throughout the history of this case. The information provided by Dr. Frantz reveals that the recent surgery affected Plaintiff's left elbow and appears to be fully healed. In any

4

event, according to Dr. Frantz, Plaintiff is right-handed and apparently able to read and write. In light of these facts, Plaintiff's request for a stay is unwarranted. However, in consideration of the Court's obligation to a *pro se* litigant, the Court will again *sua sponte* extend the dispositive motion deadline to one month from the date of this Order, which is ample time, in the context of this rapidly aging lawsuit, to prepare and submit a dispositive motion, if Plaintiff so chooses. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Request for Stay of Proceedings [#228] is **DENIED**.

IT IS FURTHER **ORDERED** that the deadline for the filing of any dispositive motion is extended up to and including **November 18, 2011**. **Absent exceptional cause, the Court will not grant any further request for extension of time, nor will the Court entertain any further request for a stay of proceedings. The Court again reminds Plaintiff of his obligation to ensure that all of his pleadings are entirely truthful and accurate. Failure to do so will result in imposition of sanctions, including a recommendation that the case be dismissed.**

Dated: October 18, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

5