IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion Requesting Use of Type Writer [sic]** [Docket No. 282; Filed April 2, 2012] (the "Motion").  The Court construes Plaintiff's Motion as a request for an order directing the Colorado Department of Corrections to provide a typewriter in the law library office, as opposed to "only" computers.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  The Colorado Department of Corrections ("CDOC") is not a party to this proceeding, and the Motion seeking injunctive relief is not a proper mechanism for joinder of CDOC as a defendant.  The Court has limited authority to grant injunctive relief against nonparties, and the circumstances permitting such relief are not present here.  *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction ... binds only ... the parties ... .").[1]

    Dated:  April 10, 2012

---

[1] The plain language of Fed. R. Civ. P. 65(d)(2) includes a provision permitting the issuance of a preliminary injunction against "other persons who are in active concert or participation" with the parties to a case.  Here, the CDOC is not a person, and in any event, Plaintiff does not allege or demonstrate that the named Defendants are in active concert or participation with the CDOC (as an entity) to deprive Plaintiff of his rights as alleged in his Amended Complaint [#37].