IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-00983-WYD-KLM

WELLMAN E. GIBSON,

      Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's "Request Permission to File Supplemental Pleading for Retaliation by DOC"** [Docket No. 289; Filed May 1, 2012]; **Plaintiff's "Request for a Court Order to Prevent Force Feeding of Plaintiff"** [Docket No. 290; Filed May 1, 20912]; and **Plaintiff's "Request for Court Order to Receive ADA Exam"** [Docket No. 291; Filed May 1, 2012].

Regarding Plaintiff's "Request Permission to File Supplemental Pleading for Retaliation by DOC" [#289], the Court construes Plaintiff's filing as seeking permission to add unknown parties and two CDOC officials to this action.  Plaintiff does not provide underlying factual support for his request, and in any event, justice does not support permitting such additions at this late stage of the litigation.  *See* Fed. R. Civ. P. 15(d)

1

(allowing supplementation of a pleading, in the court's discretion, "on just terms"). Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's "Request Permission to File Supplemental Pleading for Retaliation by DOC" [#289] be **DENIED**.  Denial of Plaintiff's Request [#289] should not preclude Plaintiff's ability to file a new action raising a retaliation claim, provided that he has exhausted his administrative remedies as relating to that claim.

Regarding Plaintiff's "Request for a Court Order to Prevent Force Feeding of Plaintiff" [#290], Plaintiff asks the Court to enter an order "to prevent D.O.C. from force feeding him."  The Court construes this as a request for injunctive relief.  *Cf. Young v. Beard*, No. 3:07-2266, 2011 WL 902447, at *2 (M.D. Pa. Feb. 11, 2011) ("Due to plaintiff's hunger strike, the Department of Corrections obtained an injunction to force feed the plaintiff.").  This request for relief is unrelated to the issues presented in his Amended Complaint, which is the operative pleading.  *See* [#37].  Because the purpose of injunctive relief is to preserve the status quo and prevent irreparable harm pending resolution of the lawsuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the [request] asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (10th Cir. 1994).  Accordingly,

IT IS FURTHER **RECOMMENDED** that Plaintiff's "Request for a Court Order to Prevent Force Feeding of Plaintiff" [#290] be **DENIED**.

Regarding Plaintiff's "Request for Court Order to Receive ADA Exam" [#291], this request is related to the allegations in Plaintiff's Amended Complaint.  The Court construes this as a request for injunctive relief.  *Cf. Carroll v. Slay*, No. 4:11CV1574 NAB, 2011 WL

4900018, at *1 (E.D. Mo. Oct. 14, 2011) (recognizing request for medical exam as a request for injunctive relief). Injunctive relief ordered before the resolution of the lawsuit is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F .3d 1253, 1258 (10th Cir. 2005). It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Here, Plaintiff fails to make a showing of irreparable harm (and generally fails to adequately support his request with any factual allegations whatsoever). Plaintiff may be entitled to the ADA-based entitlements he seeks in his Amended Complaint, which the Court will adjudicate in due course. Accordingly,

IT IS FURTHER **RECOMMENDED** that Plaintiff's "Request for Court Order to Receive ADA Exam" [#291] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91

F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must

be both timely and specific to preserve an issue for de novo review by the District Court or

for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

Cir. 1996).

        Dated:  May 3, 2012

                                        BY THE COURT:

                                        *[signature]*

                                        Kristen L.  Mix
                                        United States Magistrate Judge