IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.

**ORDER**

I.    INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment filed November 15, 2011, and Plaintiff's Motion for Summary Judgment filed November 18, 2011. These motions were referred to Magistrate Judge Mix for a recommendation by Order of Reference dated November 25, 2009 and Memoranda dated November 15, 2011 and November 18, 2012. An Order and Recommendation of United States Magistrate Judge was issued on May 14, 2012, that is incorporated by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).[1]

---

[1] An Order and Recommendation of United States Magistrate Judge was previously issued on May 11, 2012 (ECF No. 297), but was vacated and restricted at Level 3 by Minute Order of May 14, 2012 (ECF No. 299). The Objection as to that Order and Recommendation (ECF No. 303) is overruled as moot.

Also before the Court is a Recommendation of United States Magistrate Judge filed on May 3, 2012, which addresses several motions filed by Plaintiff. I first address the May 3 Recommendation.

II.   ANALYSIS

    A.   May 3, 2012 Recommendation

The May 3, 2012 Recommendation addresses Plaintiff's "Request Permission to File Supplemental Pleading for Retaliation by DOC" [ECF No. 289 filed May 1, 2012]; Plaintiff's "Request for a Court Order to Prevent Force Feeding of Plaintiff" [ECF No. 290 filed May 1, 2012]; and Plaintiff's "Request for Court Order to Receive ADA Exam" [ECF No. 291 filed May 1, 2012]. Magistrate Judge Mix recommends therein that the three motions be denied.

More specifically, Magistrate Judge Mix construes Plaintiff's "Request Permission to File Supplemental Pleading for Retaliation by DOC" as seeking permission to add unknown parties and two officials from the Colorado Department of Corrections ["CDOC"] to this action. (Recommendation at 1, ECF No. 293.) She recommends that the motion be denied because Plaintiff does not provide underlying factual support for his request, and because justice does not support permitting such additions at this late stage of the litigation under Rule 15(d). (*Id.* at 1-2.) Magistrate Judge Mix also notes that denial of this motion "should not preclude Plaintiff's ability to file a new action raising a retaliation claim, provided that he has exhausted his administrative remedies as relating to that claim." (*Id.* at 2.)

Regarding Plaintiff's "Request for a Court Order to Prevent Force Feeding of Plaintiff", the Recommendation notes that Plaintiff asks the Court to enter an order "to

prevent [the CDOC] from force feeding him." (Recommendation at 2.) Magistrate Judge Mix construed this as a request for injunctive relief, and noted that this request for relief is unrelated to the issues presented in Plaintiff's Amended Complaint. (*Id.*) Since Plaintiff did not establish a relationship between the claimed injury and the request asserted in the complaint, Magistrate Judge Mix recommends that this motion also be denied. (*Id.*)

Magistrate Judge Mix also construed Plaintiff's "Request for Court Order to Receive ADA Exam", which does relate to the allegations in the Amended Complaint, as a request for injunctive relief. (Recommendation at 2.) She recommended that the motion be denied because "Plaintiff fails to make a showing of irreparable harm "(and generally fails to adequately support his request with any factual allegations whatsoever)." (*Id.* at 3.)

On May 21, 2012, Plaintiff filed a timely objection. He first asserts that the "Request Permission to File Supplemental Pleading for Retaliation by DOC" does not exist. That is not accurate, as a filing by Plaintiff with this title in the caption is docketed as ECF No. 289, and seeks permission to add parties in connection with alleged retaliation. It now appears that Plaintiff is not seeking to pursue such claims. In any event, I find that the Recommendation as to this motion should be affirmed as I agree with Magistrate Judge Mix that the motion does not provide underlying factual support for his request and because the request is untimely under Fed. R. Civ. P. 15(d).

Plaintiff states instead that he is seeking to add mental disability to his ADA claim as well as adding two defendants, Dr. Tiona and Debbie MacLeod. He asserts that he filed a supplemental pleading to add this claim and these new defendants. It appears

that the motion he is referring to his Plaintiff's Request to Amend Complaint. I address that motion below in connection with the May 14, 2012 Order and Recommendation.

Plaintiff also objects to Magistrate Judge Mix's denial of his "Request for a Court Order to Prevent Force Feeding of Plaintiff" and his "Request for Court Order to Receive ADA Exam", but provides no basis to refute the Recommendation's finding that these motions request injunctive relief that is not warranted in the case. Finally, I find no merit to Plaintiff's argument that Magistrate Judge Mix has been "blatantly partial" and "biased" in her rulings (Objection, ECF No. 302 at 3-4), or to any other arguments made by Plaintiff in his Objection.

Based on the foregoing, Plaintiff's Objections to the May 3 Recommendation are overruled. The Recommendation of May 3, 2012, is affirmed and adopted in its entirety.

B.      May 14, 2012 Order and Recommendation

I now turn to the May 14 Order and Recommendation. Magistrate Mix recommends therein that Defendants' Motion for Summary Judgment be granted in part and denied in part and Plaintiff's Motion for Summary Judgment be denied.

Specifically, it is recommended that the cross motions for summary judgment be denied as to the portions of Claims One and Two asserting an Americans with Disabilities Act ["ADA"] claim involving Plaintiff's upper extremities. (Order and Recommendation, ECF No. 300, at 17-23, 29.) She recommends that summary judgment be granted in favor of Defendants on the portion of Claims One and Two asserting a conspiracy claim (*id.* at 23-24, 29) stating, "[i]n the absence of evidence indicating agreement and concerted action among the Defendants, the Court

recommends finding that no genuine issue of material fact exists as to Plaintiff's conspiracy claim. . . ." (*Id.* at 24.) It is also recommended that summary judgment be granted as to Plaintiff's third claim asserting a violation of his First Amendment right to freely exercise his religion, finding no genuine issue of material fact exists as to this claim. (*Id.* at 24-26, 29.)

As to Plaintiff's request to amend the complaint, Magistrate Judge Mix recommends that it be denied. She finds that the motion "is untimely, prejudicial, and futile." (Recommendation at 26-29.) The Recommendation notes that this case has been pending for three years, and that the addition of two new defendants would prejudice Defendants and "would have minimal, if any, effect on the relief sought by Plaintiff. . . ." (*Id.* at 27.) Magistrate Judge Mix also finds that the amendment would be futile as Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ["PLRA"]. (*Id.* at 27-28.)

On May 31, 2012, Plaintiff filed an objection to this Recommendation. He first objects to the standard used in the Recommendation as to the ADA, stating that it is inconsistent with the ADA Amendments Act of 2008. He argues that if the correct standard is used, Plaintiff would be entitled to summary judgment on all aspects of the complaint, including the conspiracy and First Amendment claims. I reject his argument. Since it is recommended that summary judgment be denied as to the ADA claim in favor of Plaintiff, his objections obviously does not impact that ruling. Further, I fail to see how application of the ADA amendments impact in any way Plaintiff's claims for conspiracy or alleged violations of the First Amendment Free Exercise of Religion.

Plaintiff also objects to the ruling as to his First Amendment claim, arguing that Defendants contacted his religious source after taking material that he had a valid medical permit to have. Plaintiff's objection fails to acknowledge or address the basis of the recommendation to grant summary judgment as to this claim. Magistrate Judge Mix found there is no evidence "that Plaintiff has been prohibited from freely exercising his religion; Defendants simply are not facilitating Plaintiff's religious practice by permitting him to maintain an audio book player in his cell." (Recommendation at 26.) She notes that Plaintiff is still free to use audio book players in the library, and presumably may keep religious texts in his cell. (*Id.*) I agree with Magistrate Judge Mix that Plaintiff has not shown that Defendants are prohibiting him from freely exercising his religion, and find that no genuine issues of material fact exist as to Plaintiff's third claim asserting a violation of his First Amendment right to freely exercise his religion.

Plaintiff also asserts in the Objection that the Court never addressed his request to add a mental disability. That is incorrect, as this was ruled on in connection with Magistrate Judge Mix's recommendation to deny Plaintiff's motion to amend the complaint. Plaintiff fails to make any arguments to refute Magistrate Judge Mix's findings that the amendment to the complaint is untimely and would also be futile because Plaintiff failed to comply with the exhaustion requirements of the PLRA. While Plaintiff refers to the continuing violation doctrine, the claim he seeks to add in the amended complaint related to a mental disability is new and arose after the filing of the lawsuit. Accordingly, it is barred by 42 U.S.C. § 1997e. Moreover, even if the continuing violation doctrine were applicable to allow Plaintiff to overcome the exhaustion requirements of the PLRA, it does not impact the untimeliness of Plaintiff's

motion to amend. Accordingly, the recommendation to deny Plaintiff leave to amend the complaint is also affirmed.

Plaintiff also makes numerous other objections, including objections to many of the findings of fact made by Magistrate Judge Mix. I have reviewed all the objections and find no merit to them. Plaintiff has not shown any valid reason why the Order and Recommendation of May 14, 2012, should be overturned.

### III.  CONCLUSION

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge filed May 3, 2012 (ECF No. 293) is **AFFIRMED AND ADOPTED**. Plaintiff's Objections to the Recommendation (ECF No. 302) are **OVERRULED**. In accordance with the Recommendation, it is

ORDERED that Plaintiff's "Request Permission to File Supplemental Pleading for Retaliation by DOC" (ECF No. 289 filed May 1, 2012) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's "Request for a Court Order to Prevent Force Feeding of Plaintiff" (ECF No. 290 filed May 1, 2012) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's "Request for Court Order to Receive ADA Exam" (ECF No. 291 filed May 1, 2012) is **DENIED**. It is

FURTHER ORDERED that the Order and Recommendation of United States Magistrate Judge filed May 14, 2012 (ECF No. 300) is **AFFIRMED AND ADOPTED**. Plaintiff's Objection to the Recommendation (ECF No. 313 filed May 13, 2012) is **OVERRULED**. Plaintiff's earlier Objection (ECF No. 303 filed May 21, 2012) is

**OVERRULED AS MOOT**.  In accordance with the Order and Recommendation of May 14, 2012, it is

ORDERED that Defendants' Motion for Summary Judgment (ECF No. 236) is **GRANTED IN PART AND DENIED IN PART**.  Summary judgment shall enter in favor of Defendants on the portion of Plaintiff's Claims One and Two asserting a conspiracy claim, and on Claim Three asserting a free exercise claim.  Summary judgment is denied on the portions of Plaintiff's Claims One and Two brought pursuant to the ADA.  It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgement [sic] (ECF No. 245] is **DENIED**.  Finally, it is

ORDERED that Plaintiff's "Request to Ammend [sic] Complaint" (ECF No. 279) is **DENIED**.

Dated:  August 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge