IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-00983-WYD-KLM

WELLMAN E. GIBSON,

     Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

     Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot** [Docket No. 319; Filed July 10, 2012] (the "Motion"). The Motion is referred to this Court for recommendation [#320].  Plaintiff submitted a brief in opposition to the Motion on July 18, 2012 [#323] and a related "Notice" [#324], and Defendants filed a reply on August 10, 2012 [#329].  Plaintiff then filed an "Addendum" to his response on August 20, 2012, which the Court accepts as a surreply in consideration of Plaintiff's *pro se* status [#330].  The Court has reviewed the briefing, the record, and the applicable case precedent, and is fully advised in the premises.  For the reasons stated below, the Court respectfully recommends that Defendants' Motion [#319] be **DENIED**.

## I. Background

Plaintiff is a *pro se* inmate incarcerated in the Colorado Territorial Correctional Facility ("CTCF"), a prison under the management of the Colorado Department of Corrections ("CDOC"). [#255].  This lawsuit arises from the alleged denial of Plaintiff's access to the prison's books on tape program, which is facilitated by the Colorado Talking Book Library ("CTBL"). [#300] at 2.  Plaintiff brought three claims for relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA").  *Id.*  Plaintiff requests only injunctive relief, in the following forms: 1) acknowledgment of his disability by CDOC; 2) return of all materials associated with the prison's books on tape program, including "religious material"; and 3) notification of CTBL and "JBI" that Plaintiff is now permitted to receive the materials he requested from them.[1]  *Id.* at 5.

On May 14, 2012, this Court issued a Recommendation on Defendants' and Plaintiff's cross motions for summary judgment ("May 14, 2012 Recommendation") and recommended that Plaintiff's ADA claims be permitted to proceed.  *See* [#300].  On August 8, 2012, after the instant Motion was filed, the District Judge affirmed and adopted the May 14, 2012 Recommendation and denied Defendants' request for summary judgment as to the portions of Plaintiff's Claims One and Two brought pursuant to the ADA.  *See* [#328] at 8.

In the Motion at issue, Defendants contend that Plaintiff's remaining claims are moot. Defendants state that Plaintiff's "application for the CTBL program has recently been approved," and he "was sent a digital CTBL audio player and audio reading materials on or about July 2, 2012." [#319] at 2-3.  Further, Plaintiff is free to request CTBL materials

---

[1] Defendants indicate that "JBI" is the Jewish Braille Institute.  [#319] at 2.

from JBI via an inter-library loan. *Id.* at 3. Thus, Defendants assert that Plaintiff has

obtained the relief he seeks, and the lawsuit should be dismissed. *Id.*

In his opposition to the Motion, Plaintiff attests that as of July 17, 2012, he had not

received any CTBL materials. [#342] at 1-2. Plaintiff claims that the case is not moot,

because the CTBL approval does not address his request for a statement acknowledging

his disability, thus if he were to change facilities, he would have to again establish that he

needs a CTBL audiobook machine. [#323] at 1-2. Plaintiff further challenges the Motion

on the basis that JBI is still not aware that Plaintiff is now permitted to borrow their books.

*Id.* at 2-3. Plaintiff contends that he is the prevailing party in this action, and is thus entitled

to compensation (including the recovery of his costs which allegedly exceed $300). *Id.* at

4.

In their Reply, Defendants admit that at the time the Motion was filed, Plaintiff had

not yet received the CTBL materials because they were sent to the wrong address. [#329]

at 2. The mistake was corrected, and Plaintiff's "property inventory sheet documents that

he received his CTBL digital audio player and six talking books on August 10, 2012." *Id.*

(citing *Inventory*, [#329-1]). Defendants include a copy of a document bearing Plaintiff's

signature which indicates that he received audioversions of the King James Bible and The

Essential Talmud from CTBL. [#329-1] at 3. Additionally, Defendants explain that the

Administrative Regulation governing library services has been changed to allow inmates

to apply directly to CTBL to receive materials, thereby removing the previous provision that

required the inmate's application to be screened by CDOC's Clinical Services. [#329] at

3. Defendants reiterate their request that this matter be dismissed as moot. *Id.*

Plaintiff filed a surreply styled as an "Addendum" without leave of Court on August

20, 2012. [#330]. In consideration of Plaintiff's *pro se* status, the Court accepts the

surreply for consideration.   Plaintiff concedes that he received the CTBL materials on

August 10, 2012.  *Id.* at 1.   However, Plaintiff raises the voluntary cessation exception to

the mootness doctrine, and alleges that Defendants' sole motivation to submit the instant

Motion is to improperly avoid litigation.   *Id.* at 2-3.   Plaintiff contends that Defendants'

conduct, that is, defending this case for over three years then, after realizing that the case

was going forward, providing the CTBL materials to Plaintiff, wasted the Court's time and

resources and negatively impacted his own finances.  *Id.* at 4.

## II.  Analysis

This Court has no jurisdiction to consider moot cases, that is, cases in which "the

issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

outcome."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation

omitted).   Mootness is an issue of subject matter jurisdiction, which can be raised at any

stage of the proceedings.[2]  *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001).

"It is a basic principle of Article III that a justiciable case or controversy must remain extant

at all stages of review, not merely at the time the complaint is filed."  *Deberry v. Davis*, 460

F. App'x 796, 799 (10th Cir. 2012) (internal quotations and citation omitted).

A claim may become moot at any point in the controversy and deprive the Court of

authority to decide questions which had previously been at issue.  *Lewis v. Cont'l Bank

Corp.*, 494 U.S. 472, 477-78 (1990).  "[I]t is therefore not enough that the dispute was alive

when the suit was filed; the parties must continue to have a personal stake in the outcome."

*McLendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).   Nevertheless, the

---

[2] The Court may consider the question of subject matter jurisdiction *sua sponte* at any time. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988); *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1293 n.6 (D. Colo. 2009).

Court will not dismiss a case as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted).

The circumstances at issue are similar to those of another case recently addressed in this District. In *Vigil v. Colorado Department of Corrections*, this Court entered a Recommendation that the defendant's motion for summary judgment be denied, and that the plaintiff's claim brought pursuant to the Religious Land Use and Institutionalized Persons Act should move forward. Case No. 09-cv-01676-PAB-KLM, Docket No. 99 (D. Colo. Jan. 24, 2012). The District Judge in that matter adopted the Recommendation, and set the case for trial. *Id.* at Docket Nos. 102, 108. CDOC then filed a motion to dismiss the lawsuit as moot, because it had decided to accommodate the plaintiff's religious beliefs. *Id.* at Docket No. 112.

The *Vigil* court rejected the motion to dismiss. *See* 2012 WL 2919660 (D. Colo. July 17, 2012). In *Vigil*, the CDOC attested that "it . . . recognize[d] plaintiff's religious faith and [would] permit him to engage in the specific services he referenced in his pleadings." *Id.* at *1. The CDOC thus suggested that the case was moot, because the injury claimed was "heal[ed]." *Id.* The court invoked the voluntary cessation exception of the mootness doctrine, and found that the CDOC failed to meet its "heavy burden" of showing that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* Additionally, the *Vigil* plaintiff raised the issue of his litigation costs, and the court noted that granting the CDOC's motion would permit it to "avoid responsibility for such costs." *Id.*

The same holds true in this matter.  Again, Plaintiff requests only injunctive relief, as follows: 1) acknowledgment of his disability by CDOC; 2) return of all materials associated with the prison's books on tape program, including "religious material"; and 3) notification of CTBL and "JBI" that Plaintiff is now permitted to receive the materials he requested from them.  [#300] at 5.  The relief addressed by Defendants in the instant Motion provides only for Plaintiff's second request for relief.  *See* [#319].  Further, the Court finds Plaintiff's position persuasive, that absent an acknowledgment of his disability, he may be subjected to the same process that gave rise to the present dispute in the future.  Like the determination in *Vigil*, Defendants here do not meet the heavy burden of establishing that the allegedly unlawful conduct is unlikely to recur.  Also similar to *Vigil*, Defendants do not address Plaintiff's likely entitlement to his costs if he is determined to be the prevailing party.

The *Vigil* court recommended an alternate course of action, which could address Defendants' apparent interest in avoiding trial (which is now scheduled to commence before the District Judge on January 22, 2013) and Plaintiff's interest in obtaining all of the relief he seeks.  The *Vigil* court suggested that the parties enter into a settlement agreement enforced through a consent decree, which "would not derive plaintiff of prevailing party status." 2012 WL 2919660 at *1.  Such option is certainly available to the parties in the instant suit.  In any event, the Court concludes that Defendants do not meet their burden of establishing mootness as to all of Plaintiff's requested injunctive relief.  Thus, Defendants' Motion should be denied.

## III. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot [#319] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 21, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge