IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Request to the Court** [Docket No. 389; Filed June 27, 2013] (the "Motion"). Defendants have not filed a Response.[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for recommendation regarding disposition [#390]. The Court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#389] be **DENIED in part**.

---

[1] Pursuant to D.C.COLO.LCivR 7.1C, the Court may rule on a pending motion at any time.

**I. Background**

Plaintiff, who is proceeding *pro se*, is presently an inmate of the Colorado Department of Corrections residing at the Colorado Territorial Correctional Facility ("CTCF"). This lawsuit is based on events relating to his custody at CTCF. *See generally Compl.* [#3]. Plaintiff brings claims pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq. Id.* at 4-5. Plaintiff alleges that he has upper body dexterity issues (referred to as "upper impairment" in the Complaint) which he alleges requires that the prison allow him to participate in an audio book program. *Id.* at 4-7. Plaintiff further claims that he was denied access to audio books, including religious materials. *Id.* at 8.

In the Motion, Plaintiff seeks an injunction relating to his alleged medical need for "velcro close tennis shoes."[2] *See Motion* [#389] at 1. He asserts that he was supplied with medical shoes on or about January 2, 2013. *Id.* Plaintiff claims the shoes are needed for medical purposes and that "the [l]aundry" lieutenant "made it a point to come tell me Medical would no longer get my shoes [and] they are specifically marked Medical Tennis Shoes." *Id.* Referencing an exhibit [#377-20] to Defendants' pending motion to dismiss [#377], Plaintiff claims that the taking of his medical shoes violates prison Administrative Regulation 850-06(IV)(D)(1), which, Plaintiff alleges, regulates the taking of assistive medical devices. It is unclear from the Motion whether Plaintiff is in possession of the medical shoes and is requesting that the Court order that Plaintiff be allowed to continue such possession, or if the medical shoes have been taken away by employees of CTCF

---

[2] This issue was not raised in Plaintiff's Complaint [#3], which was filed on April 29, 2009.

and Plaintiff is requesting they be returned to him.

In the alternative, Plaintiff asks that his motion titled "Request for Judgement [sic]" [#374] which is pending before the District Judge be granted. *Motion* [#389] at 3.

## II. Legal Standard

Fed. R. Civ. P. 65(a) governs the issuance of preliminary injunctions. Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D .Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier*, 427 F.3d at 1267. Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

As noted above, Plaintiff seeks a preliminary injunction relating to the provision of medical shoes. *See* Motion [#389] at 1. Plaintiff asks the Court to issue an order "to have velcro close tennis shoes continued." *Id.* at 2. It is unclear from Plaintiff's disjointed allegations in the Motion whether the relief Plaintiff seeks would alter the status quo or preserve it. *See Schrier*, 427 F.3d at 1260 ("the status quo is the last uncontested status between the parties which preceded the controversy until the outcome of the final

4

hearing.").[3]  However, the injunction is mandatory because "the requested relief affirmatively requires the nonmovant to act in a particular way, and as a result . . . places the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction."  *Id.* at 1261 (internal quotation and modifications omitted).  Therefore, regardless of whether the injunction would alter or preserve the status quo, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized."  *Id.*  Accordingly, the Motion must be denied unless Plaintiff's "right to relief [is] clear and unequivocal."  *Id.* at 1258.

The law is well-established that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).  Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances.  *Taylor v. Freeman*, 34 F.3d at 266, 269-70 n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary in

---

[3] The Court notes that in this instance, the injunction requested may be "the preserving-the-status-quo-but mandatory type" described by Judge Kane in *Bray v. QFA Royalties LLC*. 486 F.Supp.2d 1237, 1244 (D. Colo. 2007). Nevertheless, much like in *Schrier*, the Court's ultimate conclusion would be the same "regardless of the standard employed" because the Motion fails to allege any injury or harm.  *See Schrier*, 427 F.3d at 1261-62. It, therefore, fails to meet the basic criteria for a preliminary injunction.  *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (listing the elements the moving party must establish, the first of which is that the movant "will suffer irreparable injury unless the injunction issues.").

the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts . . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

Finally, the Court notes that the named Defendants in this matter are mostly security staff members. One named Defendant, Dr. Aasen, is a doctor from whom Plaintiff alleges he sought approval to have access to audio books. *See Compl.* [#3] at 3-5. Furthermore, Defendant Aasen is alleged to be a staff member at the Arkansas Valley Correctional Facility, not at CTCF, Plaintiff's present correctional facility. *Id.* at 3. In spite of these circumstances, Plaintiff seeks an order requiring the medical staff at CTCF to provide him the medical shoes he desires. *Motion* [#389] at 1. Thus, Plaintiff seeks an order against unspecified non-party individuals located at CTCF.

The Tenth Circuit applies a heightened standard of review for requests by litigants seeking injunctive relief against non-parties. *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005). "While the non-party status of an injunction's target may [not] be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors . . . but those considerations must also constitute . . . 'appropriate circumstances' . . . to justify issuing an injunction against a non-party." *Id.* The "appropriate circumstances" referred to by the *Andrews* court require a non-party to be "in a position to frustrate [or facilitate] the implementation of a court order or the proper

administration of justice." *Id.* at 799 (quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977)).

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable harm if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman*, 348 F.3d at 1189 (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quotation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff has failed to show that he will suffer irreparable harm if his request for injunctive relief is denied. Plaintiff fails to allege any present or threatened injuries. *See generally Motion* [#389]. Furthermore, even if Plaintiff's Motion is based on his un-pled belief that there is a threat of future physical injury, Plaintiff should be aware that injunctive relief is generally not appropriate to address post-complaint conduct. *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed); *see also Connecticut*, 282 U.S. at 674 (noting that injunctive relief will not lie where alleged injury

is merely feared to occur at some time in the future). Therefore, the Court concludes that the Motion fails to demonstrate a risk of injury at all, let alone one that is more than "merely serious or substantial." *Heideman*, 348 F .3d at 1189. As a result, Plaintiff is not entitled to injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that failure to show irreparable injury is a sufficient basis, by itself, to deny injunctive relief); *Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available). Because Plaintiff has not asserted facts sufficient to meet the traditional injunction standard, the heightened standard applied to non-parties is certainly not met here.[4] *See Garcia v. Chamjock*, No. 11-cv-00263-PAB-MEH, 2011 WL 7429425, at *7 (D. Colo. Dec. 20, 2011) (finding that the plaintiff's lone allegations against non-parties that restrooms were unsanitary and "infectious" were insufficient to meet the required heightened standard that he suffered an irreparable injury). Accordingly, the Court **recommends** that Plaintiff's Motion [#389] be **denied** to the extent it seeks injunctive relief.

In the alternative, Plaintiff asks the Court to grant his motion titled "Request for Judgement [sic]" [#374] which is pending before the District Judge. *Motion* [#389] at 3. The District Judge will address Plaintiff's "Request for Judgement [sic]" [#374] in due course. Therefore, the Court will not address Plaintiff's requested alternative relief in this Recommendation.

## IV. CONCLUSION

For the foregoing reasons,

The Court respectfully **RECOMMENDS** that Plaintiff's Motion [#389] be **DENIED** to

---

[4] Because Plaintiff fails to demonstrate irreparable harm, the Court declines to address the other factors regarding the issuance of a preliminary injunction.

the extent it seeks injunctive relief.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 12, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge