IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00983-WYD-KLM

WELLMAN E. GIBSON,

      Plaintiff,
v.

ANNA MARIE CAMPBELL,
C. HOLST, AIC,
SHIRLEY STEINBECK,
MARSHALL GRIFFITH,
LT. STEINBECK, and
DOCTOR ASSEN,

      Defendants.

**ORDER ON MOTION TO DISMISS**

I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss All Remaining Claims on Mootness Grounds filed June 5, 2013.  Defendants seek to dismiss Plaintiff's remaining claims on mootness grounds pursuant to Fed. R. Civ. P. 12(b)(1) because they contend that this lawsuit concerns Colorado Department of Corrections ["CDOC"] policies that existed prior to amendments to the Americans with Disabilities Act ["ADA"], and Plaintiff has received all the relief requested.  A response in opposition to the motion was filed on November 4, 2013, after counsel were appointed for Plaintiff, and a reply was filed on November 18, 2013.

I note that in July 2012 Defendants filed a motion to dismiss on similar grounds, arguing that Plaintiff's claims were moot as he had received all the relief requested.

(ECF No. 319.) Specifically, Defendants argued that Plaintiff's claims were moot as his application for participation in the Talking Book program had been approved as of June 25, 2012. Additionally, Defendants asserted that Plaintiff could obtain Jewish Braile Institute ["JBI"] materials through an inter-library loan pursuant to a request to the talking book program. Magistrate Judge Mix issued a Recommendation of United States Magistrate Judge on August 21, 2012 ["August 2012 Recommendation"], that recommended denying the motion. (ECF No. 332.) On September 25, 2012, I issued an Order Adopting and Affirming Recommendation of United States Magistrate Judge, and denied Defendants' previous motion to dismiss. (ECF No. 339.)

II. <u>DEFENDANTS' ARGUMENTS AS TO MOOTNESS</u>

I now turn more specifically to Defendants' arguments in their current motion to dismiss, wherein they assert that the CDOC changed its policies concerning requests for accommodation that Plaintiff challenges in this suit. While their policies pre-ADA amendment focused on the severity of an inmate's limitation and required health care professionals to verify an inmate's disability, this was based on the courts' focus on whether a disability existed. Defendants contend that the amendments shifted the focus from the alleged disability to the reasonableness of the requested accommodation. Accordingly, the focus of CDOC's policy shifted to assessing the reasonableness of the requested accommodation.

Thus, the CDOC amended Administrative Regulation (AR) 750-04 (attached to the motion as Ex. A-3) to reflect that an ADA inmate coordinator approve, deny, or offer a reasonable alternative upon review and investigation of an inmate's request for accommodation, including the offender's description of his functional abilities. As part of

the investigation, the ADA inmate coordinator would refer the inmate to Clinical Services for a disability screening and a recommendation on the requested accommodation. On January 1, 2012, in response to the ADA's amended implementing regulations, the CDOC amended AR 750-04 to reduce Clinical Services' involvement in the review of all accommodation requests and to focus more on the reasonableness of the request. The January 2012 version of AR 750-04 is CDOC's current request-for-accommodation procedures. Inmates need not submit a detailed explanation of their functional abilities, and the ADA inmate coordinator no longer refers inmates to Clinical Services for a screening and recommendation; rather, the ADA inmate coordinator is solely responsible for reviewing, investigating, and authorizing the ADA-related request.

Plaintiff's requests for accommodation in this case—that he be provided Talking Book program materials and be allowed to receive materials from JBI—have been granted pursuant to the CDOC's current policies based on a finding of reasonableness, irrespective of whether Plaintiff has been labeled "disabled". Thus, Defendants argue that Plaintiff has received the relief requested and his case is moot.

Finally, Defendants contend that because of the changed legal landscape and CDOC's related policy changes, the challenged conduct is unlikely to recur. While between 2007 and 2009 Plaintiff had inconsistent access to the Talking Book program, they argue this was based on varying conclusions about the severity of Plaintiff's impairments consistent with the courts' pre-amendment construction of the ADA. Plaintiff's remaining claims are, according to Defendants, premised on those pre-ADA Amendment policies. The conduct complained of by Plaintiff is not likely to reoccur since CDOC's policies have now been amended under the law, which amendments are

unrelated to this lawsuit.  Thus, unlike the situation presented in *Vigil v. Colo. Dep't of Corrections*, No. 09-cv-01676-PAB-KLM, 2012 WL 2919660 (D. Colo. July 17, 2012), Defendants assert that the CDOC's policy changes were not in response to any court orders or an attempt to settle or resolve the dispute or to otherwise "avoid responsibility for [the plaintiff's litigation] costs."[1]

III.    ANALYSIS

Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack.  *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  Where there is a facial attack, the court must look to the factual allegations of the Complaint , *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971), and "must accept the allegations in the complaint as true."  *Holt*, 46 F.3d at 1002.  In a factual attack, as in this case where matters were presented outside the pleadings, the court may consider these matters without converting the motion to a motion for summary judgment.  *Id.*

As to mootness, this "doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.'"

---

[1] Magistrate Judge Mix relied on *Vigil* in her recommendation to deny Defendants' previous motion to dismiss.  (*See* August 2012 Recommendation at 5-6.)

*Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (quotation omitted); *see also United States v. Juvenile Male*, ___ U.S. ___, 131 S. Ct. 2860, 2864 (2011) ("It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'") (quotation omitted). Thus, claims for injunctive relief must be dismissed on grounds of mootness unless the controversy exists at all stages of the proceedings, "not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

"'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'" *Rio Grande Silvery Minnow v. Bur. of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (quotations omitted). "'Without a live, concrete controversy, [the court] lack[s] jurisdiction to consider claims no matter how meritorious.'" *Id.* (quotations and internal quotation marks omitted). Thus, "[a] federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it." *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997).

As Magistrate Judge Mix noted in her Recommendation on Defendants' previous motion to dismiss, a case will not be dismissed as moot if: "'(1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'" (August 2012 Recommendation at 4-5) (quoting *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (internal quotation marks omitted)). I find

after careful analysis of the issue that Defendants' current motion to dismiss on mootness grounds should also be denied.

First, I find that all of Plaintiff's claims have not been resolved and the case is not moot. As Plaintiff points out in his response brief, he seeks injunctive relief that Defendants acknowledge he is disabled under the ADA. (*See* Am. Compl. at 5 and 8, ECF No. 37.) While Defendants appear to argue that such a finding is unnecessary or even irrelevant, Plaintiff is entitled to have the issue resolved as it is part of this lawsuit.[2]

As Plaintiff's response points out, without a judicial determination that Plaintiff is disabled and without CDOC's formal recognition of this disability, Plaintiff could again be stripped of his access to the Talking Book program or other requested materials. While Defendants provide reassurances that this will not happen, I am not persuaded given the fact that a disability is required in order to receive accommodations from the CDOC under the ADA, even post-amendment. *See Phillips v. Tiona*, 508 F. App'x 737, 747-48 (10th Cir. 2013) ("Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'. . . An individual is disabled if he has a 'physical or mental impairment that substantially limits one or more major life activities.'") (quoting 42 U.S.C. §§ 12132 and 12102(1)(A)).

Related to the above finding, I note that Defendants voluntarily ceased the challenged practice, even though purportedly made in connection with the amendments

---

[2] Even if I were to find the primary injuries have resolved, his request that Defendants be required to acknowledge his disability is certainly a secondary or collateral injury that has not been resolved.

-6-

Case 1:09-cv-00983-WYD-KLM   Document 437   Filed 02/06/14   USDC Colorado   Page 7 of 7

to the ADA. Further, I find that Defendants have not met their "'heavy burden' of showing that 'it is absolutely clear that "the allegedly wrongful behavior could not reasonably be expected to recur."'" *Vigil*, 2012 WL 2919660, at *1 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Finally, as with the previous motion to dismiss, Defendants do not address Plaintiff's likely entitlement to his costs if he is determined to be the prevailing party. (*See* August 2012 Recommendation at 6.) As in *Vigil*, granting Defendants' motion would permit them to "avoid responsibility for such costs." 2012 WL 2919660, at *1.[3]

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion to Dismiss All Remaining Claims on Grounds of Mootness filed June 5, 2013 (ECF No. 377) is **DENIED**.

Dated: February 6, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge

---

[3] Finally, while not a basis for denial of the motion, I agree with Plaintiff that Defendants' motion to dismiss is to large extent a repackaged version of their previous motion to dismiss. While new facts are added to the current motion, the previous motion relied on the fact that Plaintiff was provided access to the talking book program in July 2012 and that he had access to JBI materials, just as this motion does. "Generally speaking, it is not unfair to deny a litigant a second bite at the apple. . . ." *In Re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009).